UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANNAH HAYNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-11218MLW |
| BOSTON PUBLIC SCHOOLS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OF LAW IN SUPPORT OF THE
DEFENDANTS' MOTION TO DISMISS**

Now Comes the Defendant, Boston Public Schools, (hereinafter referred to as "Defendant") and moves, pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, for this Court to dismiss the Complaint of Plaintiff, Hannah Haynes.

I. **ARGUMENT**

   A. **Plaintiff's Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction**

In considering a Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), it is well settled that the party asserting jurisdiction "has the burden of establishing through competent proof that jurisdiction exists." White v. C.I.R., 899 F. Supp. 767, 771 (D. Mass. 1995) and cases cited. Thus, the party asserting jurisdiction must prove its allegation by a preponderance of the evidence. Id.; accord McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). Pursuant to 28 U.S.C. §1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States". Here, the Plaintiff

1

has failed to state claim arising under the Constitution, law, or treaties of the United States and, therefore, this Court should decline jurisdiction.

In addition, the jurisdiction of the District Court may be questioned on the grounds of whether an actual "case or controversy" exists between the parties. "The statutory provision limiting declaratory judgments to 'cases of actual controversy' is no more than a recognition that the federal judicial power extends only to 'cases' or 'controversies' in the constitutional sense". Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-240 (1937). The Plaintiff has failed to state any case or controversy arising under the Constitution, which may give rise jurisdiction in the District Courts and, therefore, this Court should decline jurisdiction.

**B.** **Plaintiff's Complaint Should Be Dismissed For Failure to State a Claim Upon Which Relief Can Be Granted**

In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the Court accepts the facts alleged in a complaint as true in the light most favorable to the plaintiff. Namey v. Reilly, 926 F. Supp. 5, 10 (D. Mass. 1996). Although a complaint filed by a *pro se* plaintiff is read with "an extra degree of solicitude," Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991), the Court "need not conjure up implied allegations or contrive elaborately arcane scripts," Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988), in order to permit a complaint filed by a *pro se* plaintiff to survive a motion to dismiss. Where, as here, the complaint only contains, "bald assertions, unsupportable conclusions and opprobrious epithets", courts have deemed the complaint insufficient to survive a motion to dismiss. McDonald v. Commonwealth of Massachusetts, 901 F. Supp. 471, 476 (D. Mass. 1995), quoting

2

Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989).  In her Complaint, the Plaintiff merely alleges that she "was denied a teaching position" but fails to assert any facts regarding those positions or provide support for such a bald assertion.  Accordingly, this Court should dismiss Plaintiff's Complaint as she has stated no facts or claims within her Complaint that would entitle her to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) quoted in Green v. City of Boston, 966 F. Supp. 117, 119 (D. Mass. 1997), aff'd, 132 F.3d 30 (1st Cir. 1997), cert. denied, 119 S. Ct. 75 (1998).

      C.    **If The Court Should Be Deemed To Survive This Motion To Dismiss, The Court Should, The Defendant Moves In The Alternative, For More Definite Statement**

For the reasons stated above, the Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction and for the plaintiff's failure to state a claim upon which relief can be granted.  If this Court should find that the plaintiff's Complaint somehow survives such a motion to dismiss, the Defendant moves pursuant to Fed.R.Civ.P. Rule 12(e) for a more definite statement as to the allegations contained in the Plaintiff's Complaint before requiring the Defendant to file its responsive pleadings.

The information and allegations contained in the Plaintiff's Compliant are so vague and ambiguous that the defendant cannot reasonably be required to frame responsive pleadings.  First, the Plaintiff fails establish a legal basis which would give rise to jurisdiction in the District court under 28 U.S.C. 1331.  As such, the defendant cannot properly responds.  Second, the Plaintiff fails to state the legal basis for her complaint against the named defendant, Boston Public Schools.  Specifically, the Plaintiff alleges that she "was denied a teaching position" but fails to assert any facts regarding the

3

positions for which she was denied employment or the "qualifications", which allegedly made her more qualified.  The Plaintiff claims that she was "unable to compete for either job, and was subsequently denied a job" yet she has failed to identify any facts, which establish an unlawful act by the Defendants, which would give rise to her claim.  The laintiff claims, she was "unable to work for even one year at a job, in this school" and "Her total salary lost for the three (3) intervening years was $230, 094.00".  However, the Plaintiff fails to state the nature of her alleged damages or what legal ground she has based those damages.  As such, the defendant cannot properly responds.

## II.     CONCLUSION

    WHEREFORE, the Defendant, Boston Public Schools, respectfully requests that this Honorable Court grant its Motion to Dismiss or, in the alternative if necessary, order the Plaintiff to file and serve a more definite statement.

Respectfully submitted,

Defendant, Boston Public Schools,
By its Attorney,
Merita Hopkins
Corporation Counsel

By:    /s/ Alissa Ocasio
Alissa Ocasio, BBO #645272
Assistant Corporation Counsel
Boston Public Schools
26 Court Street, 7th Floor
Boston, MA  02108
(617) 635-9320

5

**CERTIFICATE OF SERVICE**

I, Alissa Ocasio, hereby certify that on this 17th day of August, 2005 I have served a copy of the foregoing document via first class mail, postage prepaid, directed to:

Hannah P. Haynes
360 Langley Road
Newton Centre, MA 02459


    /s/ Alissa Ocasio
Alissa Ocasio