UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANNAH HAYNES, )<br>                                     )<br>    Plaintiff,           )<br>                                     )<br>v.                                      )<br>                                     )<br>BOSTON PUBLIC SCHOOLS,  )<br>                                   )<br>    Defendants.          ) | Civil Action No. 05-11218MLW |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO RECONSIDER**

Now Comes the Defendant, Boston Public Schools, (hereinafter the "Defendant") and requests, pursuant to Rule 7.1(B)(2) of the Local Rules for Massachusetts Federal Court and Rule 59(e) of the Federal Rules of Civil Procedure, for this Honorable Court to deny Plaintiff, Hannah Haynes', Motion to Reconsider dismissal of this action with prejudice per the Court's Order of September 19, 2005.  As grounds therefore the Defendant states (1) Plaintiff fails to meet any of the requirements under Rule 59(e) of the Federal Rules of Civil Procedure for granting a Motion to Amend Judgment and (2) Defendant's Motion to Dismiss was meritorious.

**I.   ARGUMENT**

    **A.   Plaintiff Fails to Meet Any of the Justifications for an Amendment of Judgment under Rule 59(e) of the Federal Rules of Civil Procedure**

In considering a Motion to Reconsider a Dismissal, the Court reviews the request pursuant to Fed.R.Civ.P. Rule 59(e) as a motion to alter or amend the judgment.  Marie v. Allied Home Mortgage, 402 F.3d 1, 7 (1st Cir. 2005).  This Court has recognized four grounds for granting such a motion: "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Id.

(quoting *Federal Practice & Procedure*§2810.1 (2d ed. 1995).  The First Circuit has recognized that "it is very difficult to prevail on a Rule 59(e) motion" and that the moving party must "either clearly establish a manifest error of law or must present newly discovered evidence." Id.  Plaintiff's Motion to Reconsider fails to satisfy the standard of review on a Rule 59(e) motion.  Plaintiff failed to file any opposition to Defendant's Motion to Dismiss and, upon the Court's granting of that motion, has moved for reconsideration.  Plaintiff has failed to suggest any error of law or to offer any newly available evidence or change in the law to substantiate her claim of age discrimination.

### B. Defendant's Motion to Dismiss was Meritorious

The Court is split as to whether a response to a Motion to Dismiss is required under Local Rules 7.1(B)(2) of Massachusetts Federal Court.  Pomerleau v. West Springfield Public Schools 362 F.3d 143, 146 (1st Cir. 2004).  However, where a Plaintiff fails to file an opposition and upon receipt of the order dismissing the complaint files a Motion to Reconsider, the Court is not required to engage in reconsideration if it would be more than an "empty exercise" See Cronin v. Commonwealth of Mass., 2004 WL 24565 (D. Mass.).

In granting Defendant's Motion to Dismiss in the present case, the Court acknowledged that the grounds for dismissal of Plaintiff's complaint were "meritorious."  Defendant reasserts that Plaintiff has failed to state a claim upon which relief can be granted in the original complaint.  The Motion to Reconsider offers no newly available evidence nor additional facts upon which Plaintiff bases her allegations of discrimination and thus dismissal of the action with prejudice pursuant to Fed.R.Civ.P. Rule 12(b)(6) was justified.

**II.     CONCLUSION**

WHEREFORE, the Defendant, Boston Public Schools, respectfully requests that this Honorable Court deny Plaintiff's Motion to Reconsider the Dismissal with Prejudice ordered by this Court September 19, 2005.

                                    Respectfully submitted,
                                    Defendant, Boston Public Schools,
                                    By its Attorney,
                                    Merita Hopkins
                                    Corporation Counsel

By:     /s/ Alissa Ocasio
          Alissa Ocasio, BBO #645272
          Assistant Corporation Counsel
          Boston Public Schools
          26 Court Street, 7th Floor
          Boston, MA  02108
          (617) 635-9320

**CERTIFICATE OF SERVICE**

I, Alissa Ocasio, hereby certify that on this 14th day of October, 2005 I have served a copy of the foregoing document via first class mail, postage prepaid, directed to:

Hannah P. Haynes
360 Langley Road
Newton Centre, MA 02459

                                    /s/ Alissa Ocasio
                                    Alissa Ocasio